[No. 14908. Department One. January 24, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM K. LYLE, *Appellant*.[1]

CRIMINAL LAW (387)—APPEAL—OBJECTIONS—TO EVIDENCE. In a prosecution of a druggist for an illegal sale of intoxicating liquor, error cannot be predicated upon the admission of the defendant's register showing a thousand other sales within the preceding six months, where the defendant did not request that the page showing the sale in question be detached and the balance of the book excluded.

SAME (451)—REVIEW—HARMLESS ERROR—ARGUMENT OF COUNSEL. In a prosecution of a druggist for an illegal sale of intoxicating liquors, misconduct of the prosecuting attorney in directing the jury's attention to the pages of the druggist's register showing other sales is cured by an instruction that the register could be considered only as it relates to the sale in question, and to disregard the statements of counsel.

SAME (363)—NEW TRIAL (49)—AFFIDAVITS OF JURORS—IMPEACHMENT OF VERDICT. A verdict of conviction of a druggist of illegally

[1]Reported in 178 Pac. 468.

selling intoxicating liquor cannot be impeached by affidavits of the jurors that they considered, and that the verdict was based upon, the druggist's entire register, only one page of which was material under the court's instructions.

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered May 13, 1918, upon a trial and conviction of violating the prohibition law. Affirmed.

*Snively & Bounds,* for appellant.

*O. R. Schumann* and *J. Lenox Ward,* for respondent.

MACKINTOSH, J.—The appellant, a druggist, was convicted before a jury of having unlawfully sold intoxicating liquor. The state introduced as one of its exhibits the druggist's register showing the sale of alcohol to the prosecuting witness. The book also contained a record of some thousand other sales occurring in the six months preceding the sale in question. The page of the register upon which appeared the sale to the prosecuting witness was the only page material to the case, but the entire book was actually physically in the possession of the jury, the one page on which appeared the prosecuting witness' signature, and which was the only page marked as an exhibit, not having been detached from the balance of the book. At no time had the appellant requested that this page be separated from the other pages, and, by allowing the entire book to be received, he must be held to have accepted the possibility of having the jury inspect the entire register, and it is too late for him now to complain of that as error. He must have known that, although the court instructed the jury that the one page only was in evidence, jurors are sometimes curious and are liable to turn over the leaves to see what may be discovered on the other pages. The way to have

protected himself against this would have been to have insisted that the page which was properly admissible in evidence be separated from the balance of the book.

The appellant claims that the presentation of the entire book was prejudicial to him in an additional way; that counsel for the state, in arguing to the jury, called its attention to the fact that there were a great number of sales recorded in the register, and asked the jury to look over the names of the persons appearing upon the register and determine "how many names you will recognize, and how many names you will find upon the Yakima county tax lists." Exception was taken to these remarks, and the jury was instructed by the court, as he had theretofore instructed it, that it was not to consider the register for any purpose "except as it relates to the transaction in which the prosecuting witness had a part, and any statement made by counsel regarding the book or what it shows, not in connection with that transaction, should be wholly disregarded, as it has no bearing on the case." The misconduct of counsel for the state was cured by this instruction.

It is further contended that the affidavits taken from the jurors show that the jurors in their deliberations considered the entire register, and that this was a determining factor in their verdict. We take it that these affidavits are an attempt by the jurors making them to impeach their own verdict, and for that reason they cannot be received. The two other errors assigned possess no merit. The judgment is affirmed.

CHADWICK, C. J., MITCHELL, TOLMAN, and MAIN, JJ., concur.