[No. 15982.  Department One.  December 13, 1920.]

# THE STATE OF WASHINGTON, *Respondent,* v. CHESTER A. COOK, *Appellant.*[1]

FALSE PRETENSES (6, 7)—INDICTMENT AND INFORMATION (34)—
CERTAINTY.  An information for obtaining money by false pretenses
sufficiently alleges the relationship between the parties by which
accused was authorized to demand the payment made, where it
alleged that the demand was for money expended in the construc-
tion of a house on behalf of the prosecuting witness.

SAME (6, 11)—INDICTMENT AND INFORMATION (32)—MATTERS OF
DEFENSE.  An information for obtaining money under false pre-
tenses need not negative the defense that the prosecuting witness
did not owe the money to the accused.

INDICTMENT AND INFORMATION (99) — VARIANCE — OWNERSHIP OF
PROPERTY.  A wife's interest in community property is sufficient to
support a charge of obtaining money from her by false pretenses;
in view of Rem. Code, § 2601, subd. 2, which provides that one who
obtains from the owner or another the possession or title to any
property, by color of false pretenses, . . . steals such property.

FALSE PRETENSES (4)—DEFENSES—DEBT OWING ACCUSED.  It is no
defense to a prosecution for obtaining thirty dollars by the false
pretenses of a contractor as to expenses he claimed to have incurred,
that there was more than that much money owing to him on the
contract.

FALSE PRETENSES (8)—TRIAL—INSTRUCTIONS.  In a prosecution for
obtaining thirty dollars by the false pretenses of a contractor as
to money claimed to have been expended, it is not error to fail
to give an instruction, pursuant to Rem. Code, § 2602, that it is not
larceny for a bailee or agent to retain his reasonable commission
for making the collection; since that had no application to the
case.

CRIMINAL LAW (363)—NEW TRIAL (49)—AFFIDAVITS OF JURORS—
IMPEACHMENT OF VERDICT.  A verdict of conviction of obtaining
money by false pretenses cannot be impeached by the affidavits of
jurors to the effect that the verdict was the result of a statement
made in the jury room and of extraneous matters which were not
explained.

Appeal from a judgment of the superior court for
King county, Hall, J., entered April 10, 1920, upon a

[1]Reported in 194 Pac. 401.

trial and conviction of grand larceny by obtaining money under false pretenses.   Affirmed.

*R. W. Huntoon* and *Tucker & Hyland,* for appellant.
*Fred C. Brown* and *John A. Frater,* for respondent.

PARKER, J.—The defendant Cook was, in the superior court for King county, found by a jury guilty of the crime of grand larceny, committed by false representations, upon an information charging as follows:

"He, said Chester A. Cook, in the county of King, state of Washington, on the 30th day of September, A. D. 1918, did then and there wilfully, unlawfully, falsely, designedly, fraudulently and feloniously pretend and represent to one Lizzie E. Wiles that there was due and owing to said Chester A. Cook by said Lizzie E. Wiles for and on account of expense incurred for work and labor performed by one W. Langelaar and helper in the laying of bricks upon and in that certain dwelling house of said Lizzie E. Wiles, located at number 2439 Warren street, in the city of Seattle, said county and state, then and there being constructed by said Chester A. Cook for and on behalf of said Lizzie E. Wiles, the sum of one hundred three dollars and ten cents ($103.10), and the said Lizzie E. Wiles, then and there believing the false pretenses and representations so made by said Chester A. Cook, and relying thereon, and being then and there deceived thereby, was then and there induced by reason thereof to deliver, and did then and there deliver, to said Chester A. Cook the sum of one hundred three dollars and ten cents ($103.10), in lawful money of the United States, the property of said Lizzie E. Wiles, whereas, in truth and in fact, there was then and there due and owing to said Chester A. Cook on account of expense incurred for work and labor performed by one W. Langelaar and helper in the laying of bricks upon and in that certain dwelling house of said Lizzie E. Wiles located at number 3439 Warren street, in the city of

Seattle, said County and State, then and there being constructed by said Chester A. Cook for and on behalf of said Lizzie E. Wiles, only the sum of seventy-three dollars and ten cents ($73.10), and no more, and said Chester A. Cook did then and there wilfully, unlawfully, fraudulently and feloniously receive and obtain the sum of thirty dollars ($30.00), in lawful money of the United States, the property of said Lizzie E. Wiles, by means of said false and fraudulent pretenses and representations, with intent then and there to deprive and defraud said Lizzie E. Wiles thereof; Whereas, in truth and in fact, said pretenses and representations then and there so made by said Chester A. Cook to said Lizzie E. Wiles were in all respects utterly false and untrue, all as he, said Chester A. Cook, then and there well knew.''

From a judgment and sentence rendered by the superior court against the defendant upon the verdict of the jury, he has appealed to this court.

It is first contended by counsel for appellant that the trial court erred in overruling their challenge to the sufficiency of the information, made at the commencement of the trial in the form of an objection to the introduction of any evidence by the prosecution, upon the ground that the information fails to state facts constituting a crime. It is argued, in substance, as we understand counsel, that the information is fatally defective in that it fails to sufficiently state the terms of the building contract between appellant and Mrs. Wiles, so as to show what opportunity, under the terms of the contract, appellant would have to induce payment to him of money by Mrs. Wiles by his making fraudulent representations to her as to what sums were due him on account of money paid out by him in the prosecution of the work. The case of *Jones v. State,* 22 Fla. 532, cited and relied upon by counsel for appellant, is illustrative of the principle invoked, and

comes as near lending support to their contention as any authority cited by them. In that case, it was charged that the defendant Jones,

"Did falsely pretend to one John T. Carr that he, the said Washington Jones, was one Walter Kirby, by means of which said false pretense the said Washington Jones did then and there unlawfully, knowingly and designedly, fraudulently obtain from the said John T. Carr, sixteen five dollar bills of the currency of the United States. . . ."

The indictment wholly failed to state the relationship of the parties, or any possible reason for the payment of the money by the prosecuting witness to the defendant, other than the fact that the defendant pretended to be John T. Carr. Holding that the indictment was defective, the chief justice, speaking for the court, said:

"The indictment should have set forth what relations were established between Kirby and Carr, by virtue of which Kirby had a right to demand and receive from Carr the money or other thing belonging to him which was in the possession of Carr, and e converso the duty of Carr arising from such relations to deliver the money or other thing to Kirby, or if there was no business relations between them, then some special reason why Kirby could have procured from Carr the amount alleged."

We think the information before us is not subject to such criticism. Its charging language, it seems to us, sufficiently shows the relationship between appellant and Mrs. Wiles by virtue of which appellant had a right to demand and receive from her a sum equal to that which he had actually paid to Langelaar for the brick work done by him in the construction of the house at the instance of appellant, who was building the house for Mrs. Wiles.

It is also argued that the information is defective in that it fails to negative the owing by Mrs. Wiles to appellant of the $30 which he is charged with obtaining from her by the alleged false representation. If this can become a defense under any circumstances (which we do not now decide), it is, we think, one which is not required to be negatived by the allegations of the information, since there is no exception or proviso in the section of the statute defining the crime charged, in terms mentioning any such defense as a limitation upon the words defining the crime. We conclude that the information sufficiently charges facts constituting a crime.

It is contended that the trial court erred in refusing an instruction directing the jury to return a verdict in favor of appellant. The evidence shows that the contract for the building of the house was between the community consisting of Mr. and Mrs. Wiles and appellant, the property being their community property; that the contract was that appellant should build the house, furnishing the material and work, and as compensation therefor receive from the Wiles the actual cost of the material and work to him, and ten per cent additional; that payments were made from time to time as the work progressed upon bills rendered by appellant to the Wiles, showing the cost of material and work to him, the payments being made by checks upon a bank account in the name of both Mr. and Mrs. Wiles, against which each was authorized to check, which payments were made for the most part by checks issued by Mrs. Wiles to appellant. It is argued that there was a failure to prove the offense as alleged, in that the $30, obtained by appellant from Mrs. Wiles was not her money, but was the money of the community. We think that, while it is true in a technical sense

that the money was the property of the community of
Mr. and Mrs. Wiles, her property interest therein, as
against appellant, was such as to support a criminal
charge of obtaining it from her by the false represent-
ations.   This, we think, is especially true in view of
the language of our statute defining the offense, being
§ 2601, Rem. Code, which reads, in so far as we need
here notice its language, as follows:

"Every person who, with intent to deprive or de-
fraud the owner thereof   .   .   .

"2.  Shall obtain from the owner or another the pos-
session of or title to any property, real or personal,
.   .   .   by color or aid of any fraudulent or false rep-
resentation, personation or pretense.   .   .   .

"Steals such property and shall be guilty of lar-
ceny."

17 R. C. L. 22.

Contention is also made that appellant was entitled
to an instructed verdict in his favor, rested upon the
theory that there was no settlement between appellant
and the Wiles as to the amount then actually due him
for work performed under the contract, and that there
was then actually due him a balance in excess of $300;
the argument being that it thus appears that he did
not obtain from Mrs. Wiles any greater sum than the
the Wiles then actually owed him.   Assuming that the
evidence does conclusively show that the Wiles then
did owe appellant $300 or more, there are decisions
which might seem to lend support to his contention
made in this behalf.   But we think the weight of au-
thority is to the contrary as applicable to the facts
here shown.   There is no evidence in this case tending
in the least to show that the Wiles had ever declined
to pay appellant the ten per cent which he was to re-
ceive upon the total cost of the house to him, or even
that they had ever declined to pay him such ten per

cent from time to time as the work progressed. Appellant does not claim, nor anywhere in his testimony even suggest, that he gave Mrs. Wiles to understand that $30 of the money he obtained from her as charged was for any other purpose than to reimburse him for the amount he had either paid, or incurred as a debt, to Langelaar for brick work upon the house. So we think it simply became a question of appellant's intent in so obtaining the $30 from Mrs. Wiles; that is, did he, at the time, intend to deprive her of it and appropriate it to his own use without benefit to her. We are quite convinced the jury was fully warranted in so concluding, as it manifestly did. In 11 R. C. L. 844, the learned editor makes this very pertinent observation:

"There are cases frequently cited to sustain the general proposition that obtaining property by false pretenses is no offense, if obtained by a creditor from his debtor with the intention of applying it on a debt due from the latter to the former, on the theory that the latter is not defrauded by being made to pay his debt. But while this may be true where the debtor parts with his money or property for the express purpose of applying it on the debt, though induced by false pretenses to do so, a distinction should be noted between a creditor's inducing his debtor by false pretenses to pay a debt knowing that he is paying it, and inducing him by false pretenses to part with property or money for some other purpose, with the secret intention on the part of the creditor of applying it on a debt."

In a note to *State v. Williams,* 32 L. R. A. (N. S.) 420, will be found a review of the authorities which, while not free from conflict, we think shows that this quotation from R. C. L. expresses a sound view of the law upon this subject.

It is contended that the trial court erred in giving

its instruction defining the law as found in § 2602, Rem. Code, which section reads as follows:

"It shall be no defense to a prosecution for larceny that the accused was entitled to a commission out of the money or property appropriated, as compensation for collecting or receiving the same for or on behalf of the owner thereof, or that the money or property appropriated was partly the property of another and partly the property of the accused, but it shall not be larceny for any bailee, factor, pledgee, servant, attorney, agent, employee, or trustee, executor, administrator, guardian, officer or other person to retain his reasonable collection fee or charges."

The court gave its instruction, in substance, in the language of the first part of the section, omitting the latter part commencing with the words, "but it shall not be larceny for any bailee," etc. It is argued that the appellant was entitled to the benfit of this omitted provision of the statute, and that, had he been given such benefit by the instruction, his conviction would probably at least have been reduced to petit larceny; that is, the jury would probably have found that he had unlawfully obtained from Mrs. Wiles less than $25. This upon the theory that he had a right to not only the $73.10 paid by him to Langelaar, but also ten per cent additional thereon, leaving in any event less than $25 wrongfully obtained from Mrs. Wiles. We do not think the latter portion of the section omitted from the instruction has any application to a situation like this. Appellant did not pretend to receive any part of the $103.10 from Mrs. Wiles in a trust capacity; but plainly under such circumstances as to lead her to believe he was receiving the whole of it for the purpose of reimbursing himself in the exact amount he had paid Langelaar for doing the brick work on the house. We think, under the admitted and undisputed facts in the case, appellant was not entitled to the bene-

fit of the portion of the statute omitted from the instruction.

Contention is finally made in appellant's behalf that the trial court erred in denying his motion for a new trial, rested upon misconduct of the jury. There appears in the record the affidavits of five of the jurors, which it is alleged show misconduct on the part of the jury during their deliberation. We quote from one of these affidavits, as follows:

"That affiant believes that the said Chester A. Cook is not guilty as charged in said case. That in the jury room was a statement of some nature or kind which showed that the said Chester A. Cook had charged Mr. and Mrs. Wiles the sum of $56,000.00, or some other large sum, for work performed by him for them, and that said statement had an influence upon the minds of the jury in rendering a verdict of guilty against the said Cook.

"That there were certain extraneous matters brought into said trial and charges made which were not explained or proven, which had an effect upon the mind of affiant and the other jurors in rendering their verdict of guilty."

None of the other affidavits show anything more serious than this. None of these facts appear in the record other than in these affidavits. These statements are denied by the affidavits of two of the jurors. It seems quite plain to us that this is but an effort to impeach the verdict of the jury by statements of the jurors themselves, as to matters inhering in the verdict. This, we have repeatedly held, cannot be permitted to be done. *State v. Gay,* 82 Wash. 423, 144 Pac. 711; *State v. Lyle,* 105 Wash. 435, 178 Pac. 468,

We see no legal cause for reversal of the judgment, and it is therefore affirmed.

HOLCOMB, C. J., FULLERTON, MACKINTOSH, and BRIDGES, JJ., concur.