[No. 17968.  Department One.  August 9, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD M. COOK, *Appellant.*[1]

HOMICIDE (42)—EVIDENCE—ADMISSIBILITY—MOTIVE. In a prosecution for murder of the accused's divorced wife, an information against accused for being a jointist is admissible on the subject of malice and motive, where her name was endorsed thereon as a state's witness, she being at the time competent to testify.

SAME (42). In such a case, the bond furnished by the accused on the jointist charge is competent to show the date of his release from custody and the time of making of threats against her.

SAME (44)—EVIDENCE—ADMISSIBILITY—CIRCUMSTANCES PRECEDING ACT. Upon a prosecution for murder, it is not objectionable as hearsay to allow a witness to testify as to conditions that led the witness to call upon police officers to investigate the situation.

SAME (44). Upon a prosecution for murder of accused's wife in which accused claimed that bruises on the body were caused by a fall from a horse, it is immaterial and not error to exclude evidence that deceased had fallen from a horse some time before and did not want accused to know it.

SAME (119)—TRIAL—INSTRUCTIONS—GRADE OR DEGREE OF OFFENSE—ABSENCE OF EVIDENCE JUSTIFYING VERDICT OF MANSLAUGHTER. It is not error to refuse to instruct as to manslaughter, where, under Rem. Comp. Stat., §§ 2393-2395, providing that a killing shown is

[1]Reported in 217 Pac. 42.

presumed to be murder in the second degree, the accused failed to produce any facts or circumstances reducing it to manslaughter, of which there was no element in the case.

CRIMINAL LAW (363)—NEW TRIAL (49)—AFFIDAVITS OF JURORS—IMPEACHMENT OF VERDICT. A juror cannot impeach a verdict of guilty by showing that he agreed thereto because he was sick. ·

Appeal from a judgment of the superior court for Yakima county, Holden, J., entered May 24, 1921, upon a trial and conviction of murder in the second degree. Affirmed.

*H. J. Snively,* for appellant.

*Sydney Livesey (O. R. Schumann* and *J. Lenox Ward,* of counsel), for respondent.

MACKINTOSH, J.—The appellant was charged with having murdered his wife, and he appeals from a judgment based on the jury's verdict finding him guilty of murder in the second degree.

(1) The first error assigned is the admission in evidence of an information against the appellant as a jointist. This was properly admitted for the purpose of proving appellant's malice against his wife and motive for killing her, her name being endorsed on the information as a state's witness; she at the time being a competent witness against him, they being then divorced.

(2) The bond furnished by the appellant on the jointist charge was admissible to show the date of appellant's release from custody, to determine the time of the making of threats by the appellant against his wife, the testimony of witnesses being that they were made about the next day after his release.

(3) Error is assigned upon the reception of the testimony of Mary Lewis as to the actions of Mrs.

Ghangrow, which prompted Mrs. Lewis to notify the sheriff of the situation at the Cook house. There is no basis for the objection that this testimony is hearsay; the witness only testified that Mrs. Ghangrow's condition after leaving the Cook house led her to call upon the peace officers to investigate the situation.

(4) The court refused to allow a witness for the appellant to testify that Mrs. Cook had some months before been thrown from a horse and did not want the appellant to know of it. This testimony is immaterial, although the appellant explains the bruises on his wife's body as the result of a fall from a horse, the state's theory being that they were the result of his striking and beating her.

(5) The next assignment is that there was no evidence upon which the jury could convict. It is argued that the evidence does not show that the appellant inflicted the injuries which caused death. The determination of this assignment demands a careful reading of the entire statement of facts, which we have done; and, without giving an analysis of the testimony, we are thoroughly satisfied of its sufficiency.

(6) The court submitted to the jury the question of appellant's guilt or innocence of murder in the second degree only, and this is alleged to be error, and it is urged that an instruction on manslaughter should have been given. We agree with the trial court in being unable to find any element of manslaughter in this case. Where there is no evidence of the lesser crime it is error to allow the jury to convict of such lesser crime. Under our statutes, Rem. Comp. Stat., §§ 2393-2395 [P. C. §§ 8998-9000], when a killing has been shown, it is presumed to be murder in the second degree and if the defendant desires to reduce the degree to manslaughter, the burden is on him to produce evi-

dence of those facts or circumstances which call for such reduction. Here the appellant did not do so. *State v. Payne,* 10 Wash. 545, 39 Pac. 157; *State v. Melvern,* 32 Wash. 7, 72 Pac. 489; *State v. Ware,* 58 Wash. 526, 109 Pac. 359; *State v. Totten,* 67 Wash. 192, 121 Pac. 70; *State v. Palmer,* 104 Wash. 396, 176 Pac. 547. See, also, *Leschi v. Territory,* 1 Wash. Terr. 13; *State v. McPhail,* 39 Wash. 199, 81 Pac. 683; *State v. Pepoon,* 62 Wash. 635, 114 Pac. 449; *State v. Clark,* 58 Wash. 128, 107 Pac. 1047.

(7) Finally, misconduct of the jury is urged as a ground for granting a motion for a new trial. This is based on the affidavit of one of the jurors that he consented to the verdict because he was sick. In *State v. Gay,* 82 Wash. 423, 144 Pac. 711; *State v. Lyle,* 105 Wash. 435, 178 Pac. 468; and *State v. Cook,* 113 Wash. 391, 194 Pac. 401, we have held that a juror cannot so impeach his verdict.

Finding no error, the judgment is affirmed.

MAIN, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.