UNITED STATES v. FAY.

(District Court, E. D. Missouri, E. D.  November 11, 1897.)

POST OFFICE—SCHEME TO DEFRAUD—INDICTMENT—STATUTE.

    A "scheme to defraud," within the scope of Rev. St. § 5480, relating to the use of the mails for improper purposes, involves the element of some plausible device, reasonably calculated to deceive persons of ordinary comprehension and prudence; and manifest hoax or humbug, which belies the known laws of nature,·is not an indictable offense under that section.

William H. Clopton, U. S. Dist. Atty.
Chester H. Krum, for defendant.

ADAMS, District Judge (orally).  This is an indictment under section 5480, Rev. St., charging the·defendant with having devised a scheme to defraud, involving the use of the United States postal establishment.  The scheme, as charged, is to impose upon the credulous by pretenses that he, the defendant, had some mysterious, superhuman power; among other things, to penetrate with mental vision into the bowels of the earth, and discover the location there of supposed hidden treasures.  It is charged in the indictment that, in furtherance of this scheme, the defendant wrote to one Howard, of Phelps county, Mo., advising him of his possession of these powers, which he represented to be higher than mortal, and assuring him that for $50 he would positively find certain treasures vainly supposed to be hidden away somewhere underneath the earth's surface on Howard's farm.  The money was paid, the treasures were not found, and this indictment is the consequence.

A motion to quash is filed, and defendant's counsel, in support of it, contends that the facts alleged constitute no scheme to defraud, within the true meaning of the act of congress on the subject.  There is undoubtedly a scheme here, but is it a scheme to defraud?  Such a scheme manifestly must involve something in the nature of a plausible device,—some such device as, in itself, is reasonably adapted to deceive persons of ordinary comprehension and prudence.  A manifest hoax and humbug, like a proposition to take a person on a flying trip to the moon, to fit out a traveler for a submarine voyage to China, or any other scheme which belies the known and generally recognized laws of nature, cannot, in the nature of things, deceive any rational being.  I regard the scheme set out in this indictment as one of this class.  The law in question deals with and contemplates rational beings.  I cannot believe it possible that a rational being, possessed of ordinary prudence and sagacity, could or would be deceived by any such irrational, visionary, and stupid pretense as was made by the defendant in this case.  Even if the particular pretense and promise held out to Howard might, by itself, be considered sufficient to deceive an ordinarily prudent person, the balance of the nonsense found in the defendant's advertised scheme ought to have been a sufficient warning. I do not need to refer to it.  There is a marked distinction between a case of this kind, involving, as it does, a physical impossibility, and

one related to religious, moral, or ethical tenets. A scheme to defraud, planting itself upon, and seeking to take advantage of, such tenets, entertained as they are by large numbers of people, has been held to be within the contemplation of the federal statutes, and with this class of cases I have no fault to find. But they afford no authority for indictment in this case. Because there is no scheme set out in the indictment reasonably adapted to deceive persons of ordinary prudence, I am of the opinion there is no scheme to defraud, within the meaning of the statute in question, and the motion to quash is sustained.