PEOPLE *v.* GILMAN.

1. CONSPIRACY TO DEFRAUD—MATERIALIZING SEANCE.
   Persons agreeing together to attempt to deceive the general public by conducting "materializing seances," and masquerading as spirits of the dead, may be charged with conspiracy to defraud any individual who pays money to witness the proceedings.

2. SAME—FAILURE TO DECEIVE.
   It is not requisite to the completion of the offense that the person paying the money should actually have been deceived.

3. SAME—OBVIOUS FRAUD.
   A conspiracy to defraud by false pretenses is none the less a crime because the means employed are not calculated to deceive persons of ordinary intelligence.

Error to recorder's court of Detroit; Chapin, J. Submitted June 22, 1899. Decided September 12, 1899.

E. Medford Gilman was convicted of conspiracy to defraud, and sentenced to imprisonment in the Detroit house of correction for two years. Judgment affirmed.

*E. J. Jeffries*, for appellant.

*Allan H. Frazer*, Prosecuting Attorney, and *Ormond F. Hunt*, Assistant Prosecuting Attorney, for the people.

HOOKER, J. The defendant was convicted of the offense of conspiring with others to cheat and defraud one Edwin H. Sadler of the sum of one dollar. The proof showed that the defendant professed to be a materializing medium, and gave "materializing seances," in which he was assisted by others mentioned in the proof. Sadler was a detective, and attended with another detective. Before the proceeding began, defendant said that the usual collection of one dollar would be taken up, and

Sadler, among others, paid a dollar. During the proceedings Sadler succeeded in exposing the defendant as an impostor.

Counsel for the defendant says that there are two grounds of error relied on:

1. The information does not meet the theory of the evidence, because it is obvious that any conspiracy to defraud that may have existed was not to defraud Sadler, but the general public, and should have been so charged.

2. That no crime was committed, because it was an obvious humbug, which could not, in the nature of things, deceive any rational being.

It is apparent that the conspiracy to cheat was not specially aimed at Sadler when the scheme was concocted, but at such persons as might be induced to attend the meetings. It may be that no particular persons were in view, and, had no one attended the meeting, no one could have been named as an intended victim, although the offense of conspiracy would have been complete. An indictment in such case might charge a conspiracy to cheat "the citizens or inhabitants of the State and others," as in the case of *Clary* v. *Com.*, 4 Pa. St. 210; or "such persons as should become purchasers" (*Com.* v. *Judd*, 2 Mass. 329 [3 Am. Dec. 54]). But where the conspiracy has been carried out, and money has been obtained from some person in consequence of it, the overt act has shown and made certain what was uncertain before, viz., the person whom it was the conspirators' intention to defraud. See *People* v. *Arnold*, 46 Mich. 273.

Counsel cites the case of *U. S.* v. *Fay*, 83 Fed. 839 (46 Cent. Law J. 251), in support of the second point. In that case Howard paid the defendant $50 upon the pretense that, through supernatural power of mental vision possessed by him, he could and would find, and inform him, Howard, of hidden treasures upon his farm. The defendant was arrested upon the charge of using the United States mail for "a scheme to defraud." Upon motion the court quashed the indictment, upon the ground that—

"Such a scheme manifestly must involve something in the nature of a plausible device,—some such device as in itself is reasonably adapted to deceive persons of ordinary comprehension and prudence. A manifest hoax and humbug, like a proposition to take a person on a flying trip to the moon, to fit out a traveler for a submarine voyage to China, or any other scheme which belies the known and generally recognized laws of nature, cannot, in the nature of things, deceive any rational being. * * * There is a marked distinction between a case of this kind, involving, as it does, a physical impossibility, and one related to religious, moral, or ethical tenets. A scheme to defraud, planting itself upon, and seeking to take advantage of, such tenets, entertained as they are by large numbers of people, has been held to be within the contemplation of the federal statutes, and with this class of cases I have no fault to find. * * * Because there is no scheme set out in the indictment reasonably adapted to deceive persons of ordinary prudence, I am of the opinion there is no scheme to defraud, within the meaning of the statute in question."

We are not disposed to criticise this construction of a statute that is not before us, but we are of the opinion that it should not be said, as a matter of law, that a citizen is not a rational being, even if he be entrapped by cheats and false pretenses which would not deceive persons of ordinary intelligence. The law is more necessary to the protection of the unwary and simple-minded, who are not looking for duplicity and deceit, than shrewder persons. Designing persons do not ply their nefarious vocations among the latter class, but seek for victims among those whose credulity makes them more easily deceived. We cannot agree with counsel in considering those who believe in the theories of spiritualism to be idiots, and, if we could, we should hesitate to say that one who conspired to cheat them would not be guilty of a crime.

It is said that the information charges a conspiracy to defraud one who could not be defrauded, because he knew the representations to be false. The conspiracy is complete when it is formed, and the guilt or innocence of the conspirators does not depend upon the success of the

enterprise. They carried out their scheme, and obtained money from Sadler and others, which shows that he was an object of the conspiracy, though not necessarily a victim of it.

We find no error, and the judgment is affirmed.

The other Justices concurred.

---

121 190
125 180

121 190
s79ᴺᵂ1114
s80ᴺᵂ 797

121 190
s79ᴺᵂ1114
s80ᴺᵂ 797
193ᵁˢ550n

121 190
s79ᴺᵂ1114
s80ᴺᵂ 797
132 ᶜ 20
132 ᶜ 21
e132 ᶜ 22

121 190
144 ᵒ317
f144 ⁷558

121 190
f151 ⁴281