[No. 6038.   Decided April 28, 1906.]

THE STATE OF WASHINGTON, *Respondent,* v. CLARENCE D. HILLMAN *et al., Appellants.*[1]

CRIMINAL LAW—CONSPIRACY—INFORMATION—SUFFICIENCY.  An information sufficiently charges a conspiracy to defraud when it alleges that two persons conspired to cheat and defraud a person of a certain sum of money, particularly setting forth the acts and things done pursuant thereto.

SAME—EVIDENCE—NOTICE OF NAME OF PARTY DEFRAUDED.  Where persons conspire to defraud whomsoever may be entrapped by their schemes, it is not necessary to prove that any particular person was in their minds at the time.

VENUE—PREJUDICE—SENSATIONAL NEWSPAPER ARTICLES AND ASSOCIATION TO CREATE PUBLIC SENTIMENT.  Where public sentiment has been aroused in the community by sensational newspaper articles, and by an association organized for the purpose of creating public sentiment against the accused, to such an extent that it appears that they cannot have a fair trial, it is error to refuse to grant a change of venue.

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 5, 1905, upon a trial and conviction of the offense of conspiracy to defraud.  Reversed.

*G. M. Emory* and *Graves, Palmer, Brown & Murphy,* for appellant.

*Kenneth Mackintosh* and *John F. Miller,* for respondent.

PER CURIAM.—Appellants were informed against upon the charge of the crime of conspiracy to defraud.  They were convicted, and a judgment and sentence entered against them, from which this appeal was taken.

It appears that appellant Hillman was engaged in platting land into small tracts, in the vicinity of the city of Seattle, and particularly at one place designated as the "Garden of Eden."  It was claimed by the state that, in order to make sales of his property, he, by means of newspaper advertise-

[1]Reported in 85 Pac. 63.

ments and other representations, misled, defrauded and cheated various people, and particularly the complaining witness herein, one J. H. Cann.

The appellants contend that the information does not state facts sufficient to constitute a crime. This instrument, after formally accusing the appellants, and each of them, of the crime of conspiracy to defraud, states that the offense was committed as follows:

"They, the said C. D. Hillman and Lawrence S. Forrest, in King county, Washington, on the 12th day of October, 1904, then and there wickedly and injuriously devising, designing and intending to cheat, wrong and defraud one J. H. Cann of his money and property, did then and there, and theretofore unlawfully, wilfully and fraudulently combine, conspire, confederate and agree together with a unity of mind and common purpose and aim to get and obtain, knowingly, designedly, falsely, fraudulently and unlawfully by means of false pretenses, subtle means, fraud, cheat, subterfuge and device, the sum of one hundred and fifty dollars of the value of one hundred and fifty dollars in lawful money, the money and property of the said J. H. Cann, with intent then and there to cheat, wrong and defraud the said J. H. Cann of his said money; . . ."

This is followed by a long and circumstantial statement of the various acts and things done by said appellants in carrying out the said conspiracy to defraud, all of which things so done are alleged in the information to have been done pursuant to said conspiracy to defraud. Under the liberal rule of interpretation enjoined by the code, we think this information was sufficient.

It is strenuously urged that the evidence adduced on the part of the state at the trial is fatally at variance with the allegations of the information, for the reason that the latter charges the appellants with having conspired to defraud one J. H. Cann, whereas the evidence shows that the appellants did not know said Cann at the time they made the conspiracy, and does not show that he was in their minds as an

intended victim at that time, but merely shows that their conspiracy was to defraud such persons as might be entrapped thereafter, without reference to any particular individual or person. Appellants have cited some authorities which support their argument, but we are convinced that the later decisions, and the greater weight of the authorities, are contrary to their contention, and we do not think their position can be sustained upon principle. Where persons conspire to defraud whomsoever may be entrapped in the meshes of their schemes, and are subsequently prosecuted at the instance of a victim thus ensnared, we think it may be said in contemplation of law that their conspiracy was to defraud that victim; and we do not think that such conspirators so charged should be permitted to escape by saying that, when they plotted to cheat and defraud whomsoever might fall a prey to their machinations, they did not have in mind the particular individual who was subsequently defrauded. To allow this would be to sanction a rule inconsistent with the spirit of our laws and obnoxious to the best interests and welfare of the public. *People v. Arnold,* 46 Mich. 268, 9 N. W. 406; *People v. Gilman,* 121 Mich. 187, 80 N. W. 4, 80 Am. St. 490, 46 L. R. A. 218; *Commonwealth v. Rogers,* 181 Mass. 184, 63 N. E. 421.

A motion was made on the part of appellants for a change of venue from King county where the offense is alleged to have been committed and where the trial subsequently occurred. Affidavits are set forth in support of said motion, which allege that the public press of the city of Seattle, for a long time prior to this prosecution, had contained a large number of articles reflecting upon the business integrity and honesty of affiants; that said articles purported to deal with alleged facts regarding the matters referred to in the information, and with the testimony given in the justice's court; that by far the greater part of said published statements and insinuations assumed the guilt of the defendants; that said statements were grossly untrue and contained such perversions and omissions as to make the facts appear very unfavorable

to these defendants, and to create a deep-seated prejudice against them in the mind of the public throughout King county; that said newspapers had a very large circulation within said county, and were read by almost every family therein, and had the effect of creating the general belief that these defendants were guilty of the matters charged against them. It was further alleged that there was an organization known as the "Hillman Victim Association," composed of a large number of people, organized for the purpose of creating public sentiment against appellants, and particularly against appellant Hillman, which said association by means of public meetings and individual efforts, and by mailing postal cards reflecting upon the character of said Hillman, had done much to arouse prejudice against these appellants; and that it was impossible by reason of the intense feeling against these appellants, for them to have a fair trial in said King county. A large number of newspaper clippings were attached to these affidavits. A large part of these extracts were of an inflammatory and sensational character, often with flaring headlines, and calculated to attract much attention. There was one affidavit signed by something over thirty residents of King county, wherein the affiants stated that they had read the unfavorable comments in the newspapers, and had heard them discussed by large numbers of people; that said articles and discussion dealt with the innocence or guilt of the defendants, and that the same were most always unfavorable to defendants; that the comments caused by said publications had been so widely spread that the public mind, in their opinion, was prejudiced to such an extent that a fair trial could not be had in the county; that they had heard of the organization formed for the purpose of harassing said Hillman in the courts, and elsewhere, and that the efforts of said association were reported to be very injurious to said Hillman.

Upon their *voir dire,* nearly all of the jurymen stated that they had read more or less of these newspaper articles, although the accepted jurors believed that they were not so

affected as to prevent them from acting fairly and impartially as jurymen. The affidavits referred to were not controverted, and we must accept the statements therein, so far as they are consistent with themselves, as the truth. An examination of the newspaper articles complained of shows that there were large numbers of them that were very prejudicial to the defendants. Numerous sensational articles are shown, and there could be no doubt of their being well calculated to inflame the public mind. These facts being true, and it appearing that these papers were widely circulated throughout the county, and that large numbers of people were involved or affected by Hillman's transactions, and the examination of the jurors showing that nearly all of them had read more or less of these articles, we cannot escape the conclusion that a showing was made of a condition of the public mind not permissive of a fair trial. The law contemplates and guarantees to every defendant a fair and impartial trial, according to the usual and ordinary forms of law; and it is incumbent upon the courts to see that this purpose and guarantee are made effectual. The repeated and continuous publications hereinbefore referred to, seconded by the efforts of the Hillman Victim club, as set forth in the affidavits, were well calculated to arouse in the public mind that prejudice and antagonism which the affidavits alleged to have existed against these appellants. We do not think the defendants in a criminal case should be forced to trial in such an environment. The refusal of the court to grant the motion for a change of venue was error.

Several other errors are assigned, two or three of which we regard as serious; but it will be unnecessary to discuss them here, for the reason that the matters complained of will doubtless not arise upon a new trial.

The judgment of the superior court is reversed, and the cause is remanded with instructions to enter an order for a change of venue, unless said motion shall be waived by appellants.