[No. 14009.  Department Two.  July 20, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v. W. W. WRIGHT, *Appellant*.[1]

CRIMINAL LAW—VENUE—CHANGE—DISCRETION — LOCAL PREJUDICE —REVIEW.  The denial of a change of venue in a criminal case on account of local prejudice rests in the sound discretion of the trial court, and no abuse of discretion is shown, where it appears that on a former trial a jury disagreed and statements of the trial judge criticizing the jury and commenting upon the sufficiency of the evidence were published in the newspapers, but affidavits were filed to the effect that no prejudice was created by such publications and that defendant could have a fair trial in the county.

CRIMINAL LAW—TRIAL—MISCONDUCT OF COUNSEL IN ARGUMENT.  It is not error for the prosecuting attorney to state in argument that he fully believed in the guilt of the accused, where it was in reply to a statement that he did not have the courage to dismiss when a former jury disagreed.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered July 12, 1916, upon a trial and conviction of rape.  Affirmed.

*Gordon & Easterday, Belcher & Gordon,* and *G. C. Nolte,* for appellant.

*Fred G. Remann, J. W. Selden, Geo. M. Thompson,* and *Myron C. Cramer,* for respondent.

MOUNT, J.—The appellant was convicted of the crime of carnally knowing a female child.  He appeals from a sentence imposed upon him after a verdict of the jury.  He makes

[1]Reported in 166 Pac. 645.

two assignments of error; first, that the court erred in deny-
ing an application for a transfer of the cause to some other
county for trial; and second, for misconduct of the prosecut-
ing attorney in his closing argument to the jury.

It appears that there had been a former trial of the case
to the court and a jury. The jury upon the former trial
disagreed, and was discharged by the court. In discharging
the jury after their failure to agree, the court said to the
jury:

"If a jury cannot convict under such evidence as was pre-
sented in this case, then no twelve-year-old girl in the county
will be safe from attack. The evidence presented by the
state, in my opinion, was entirely reliable, of a strength
seldom heard in this court and of a character seldom pre-
sented in a case of this kind. It convinced me beyond doubt
of the guilt of the defendant. It seems to me that this jury
could not have taken its responsibilities in the same light as
the court. A jury is a part of the court; its duties are just
as weighty, and it should take its responsibilities with equal
seriousness."

Subsequently, a motion for a change of judges and for a
change of venue was made by the appellant. This motion
was supported by several affidavits to the effect that these
statements of the court were published in a number of news-
papers in the county which were generally read, and created
a prejudice against the appellant. Several affidavits on be-
half of the state were filed to the effect that no prejudice was
created by the publication of these statements of the court,
and that there was no general prejudice in the county
against the appellant, and that he could have a fair trial.
After the motion was made, the judge who tried the case the
first time transferred the case to another department of the
same county, and the judge to whom the case was trans-
ferred, after considering the affidavits, denied the motion.

It is argued by the appellant, in support of his first con-
tention, that, upon the showing thus made, it was reversible
error of the trial court to refuse a change of venue. The

appellant relies upon the case of *State v. Hillman,* 42 Wash. 615, 85 Pac. 63. We think that case was a much stronger case than this. In the *Hillman* case, a number of affidavits were filed which alleged that:

"There was an organization known as the 'Hillman Victim Association,' composed of a large number of people, organized for the purpose of creating public sentiment against appellants, and particularly against appellant Hillman, which said association by means of public meetings and individual efforts, and by mailing postal cards reflecting upon the character of said Hillman, had done much to arouse prejudice against these appellants; . . ."

These affidavits were not controverted by the state, and apparently there was no counter showing. In that case, we took the facts stated in the affidavits as being true, and for that reason held it was error in the trial court not to grant a change of venue. While it is no doubt true that the articles above mentioned were published in many of the papers in Pierce county where the action was tried, it is disputed that there was any general sentiment against the appellant, and it was for the court then to exercise its sound judicial discretion and decide whether a change of venue should be granted to another county. In the case of *State v. Welty,* 65 Wash. 244, 118 Pac. 9, after referring to §§ 2018 and 2019, Rem. & Bal. Code, with reference to a change of venue to some other county, we said:

"It is apparent, from a reading of these sections, that the granting or denying of the change of venue is a matter resting entirely in the sound judicial discretion of the trial judge. Such being the statute, the ruling of the trial court cannot be reversed upon appeal, unless the record contains some evidence of its gross abuse, or it is shown that the court's ruling was arbitrary. Such has been our holding whenever such a question has been before us." Citing a number of cases.

And then, further on in the same opinion, we said:

"It must appear, before we would be justified in reviewing the trial court's ruling, that the community has been so

warped by the passion and prejudice of the newspaper articles complained of that there is danger of the trial jury being so influenced by such publication as to give heed to them rather than to the evidence in reaching a verdict." Citing a number of cases.

We think this is a correct statement of the rule of law with reference to this assignment of error, and we think it does not appear that the court abused its discretion in denying the motion.

Upon the other assignment of error, it appears that, when counsel for the defense was addressing the jury, he made a statement, saying:

"I say that these men after this man has once been tried and when one jury had already disagreed on the facts in this case—when one jury has already stood eleven to one for acquittal, these men come here—"

Counsel was then interrupted by an objection from the prosecuting attorney, and the court remarked: "Counsel should not refer to that. This jury knows nothing about that." Counsel then resumed, saying:

"Well, it is in the record that the jury disagreed,—and inasmuch as they did not have the courage to give this man his liberty and dismiss this matter, you owe it to the commonwealth to give this man his liberty and permit this child to be restored to the arms of her parents. . . . I want you to have the courage that the state's attorneys did not have in this case after what has transpired, and do the things that they should have done long ago."

When the prosecuting attorney came to reply, he said:

"Counsel says that we should not have brought this case this time, and my answer to that is this, that we fully believe the defendant guilty or we would not have brought him to trial here."

It is argued by the appellant that this statement of the prosecuting attorney constitutes reversible error, citing a number of cases from this court, among them being that of *Rangenier v. Seattle Elec. Co.*, 52 Wash. 401, 100 Pac. 842,

and *State v. Armstrong*, 37 Wash. 51, 79 Pac. 490, where we said:

"It is no part of the duty of the advocate to obtrude his personal opinion upon the jury, either as to the veracity of a witness or the weight of the evidence."

And:

"While it is improper for a prosecuting attorney, in argument, to express his individual opinion that the accused is guilty, independent of the testimony in the case, he may nevertheless argue from the testimony that the accused is guilty, and that the testimony convinces him of that fact."

A number of other cases are cited to show that it is no part of the duty of the prosecuting attorney to indicate his personal opinion to the jury. The remark objected to was brought about by what had theretofore been said by counsel for the defense, in which the prosecuting attorney was charged with not having the courage to give the appellant his liberty. Counsel insinuated by this remark that the prosecuting attorney did not believe the appellant was guilty, but did not have the courage to dismiss the action. Thereupon, the prosecuting attorney answered by saying that he fully believed the defendant guilty, or he would not have brought him to trial.

"Remarks of the prosecuting attorney which ordinarily would be improper are not ground for exception if they are provoked by defendant's counsel and are in reply to his statements." 12 Cyc. 582.

We are satisfied that this is the correct rule, and, since the remark of the prosecuting attorney was called forth and provoked by remarks of counsel for the defense, the remark made was not error.

We find no error in the record, and the judgment is therefore affirmed.

ELLIS, C. J., PARKER, FULLERTON, and HOLCOMB, JJ., concur.