[No. 17410.    Department Two.    May 11, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN BURKE et al., *Appellants*.[1]

BURGLARY (5)—INFORMATION—SUFFICIENCY. An information is sufficient where it charges burglary in the language of Rem. Comp. Stat., § 2758, subd. 5, embracing the breaking and entry of any bank . . . with intent to commit some crime, without alleging the ownership of the bank mentioned.

CRIMINAL LAW (36)—VENUE—CHANGE—DISCRETION—REVIEW. A change of venue on the ground of local prejudice is, under Rem. Comp. Stat., §§ 2018, 2019, addressed to the sound discretion of the trial court, which will not be disturbed except for abuse.

SAME (147)—EVIDENCE—CONCLUSIONS AND MATTERS OF OPINION. It is not objectionable, as an expression of opinion, but is the statement of an observed fact, for a witness to state that a certain pair of shoes exactly fitted a track, which was exactly similar to an impression made by the shoes.

[1]Reported in 215 Pac. 31.

CRIMINAL LAW (229)—WITNESSES (105)—SCOPE OF REBUTTAL—IMPEACHMENT—CROSS-EXAMINATION—FORMER CONVICTION OF CRIME. Where accused, on cross-examination, testified that his entry of plea of guilty on a former conviction of crime was to shield another, it is competent on rebuttal to show otherwise.

BURGLARY (2, 22)—POSSESSION OF BURGLAR'S TOOLS—INSTRUCTIONS. Where possession of burglar's tools was shown in a prosecution for burglary, the jury is properly instructed as to the effect of such possession; and the court properly refused to give an instruction as to the gross misdemeanor of having possession of burglar's tools, as defined by Rem. Comp. Stat., § 2582, which was not charged in the information.

CRIMINAL LAW (363)—NEW TRIAL—VERDICT—IMPEACHMENT. The affidavit of jurors that they were in no way influenced by improper proceedings or evidence considered in the jury room cannot be considered to sustain their verdict.

SAME (347-1)—NEW TRIAL—MISCONDUCT OF JURORS. It is reversible error, requiring a new trial, for the jurors, after retiring, to obtain a microscope and by experiments and examining the exhibits, discover what they consider additional evidence not introduced in the case or known to the parties or the court.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered May 20, 1922, upon a trial and conviction of burglary. Reversed.

*Chas. W. Johnson,* for appellants.

*G. W. Hamilton* and *Andrew Brown,* for respondent.

TOLMAN, J.—Appellants were jointly charged with the crime of burglary in the first degree, alleged to have been committed by breaking and entering in the nighttime the First Bank of White Bluffs, in Benton county, Washington. From a judgment entered on a verdict of guilty as charged, the case is brought here by their appeal.

The first point urged is that the demurrer to the information should have been sustained because the ownership of the First Bank of White Bluffs is not therein alleged. This identical question has recently been decided adversely to appellants' contention in

*State v. Franklin, ante* p. 620, 215 Pac. 29, and being satisfied with the rule there announced, the question will not now be reexamined.

(2) It is urged that there was error in denying a motion for a change of venue on account of local prejudice. This is a question which is always addressed to the sound discretion of the trial court (Rem. Comp. Stat., §§ 2018, 2019) [P. C. §§ 9397, 9398], and on appeal we may only consider whether or not there has been abuse of that discretion. *Edwards v. State,* 2 Wash. 291, 26 Pac. 258; *State v. Welty,* 65 Wash. 244, 118 Pac. 9; *State v. Wright,* 97 Wash. 304, 166 Pac. 645. We find nothing in the record which tends toward the conclusion that there was any abuse of discretion in denying the motion.

(3) Objections to certain questions propounded on cross-examination to the state's witnesses were sustained and this is assigned as error. This assignment cannot be intelligently discussed without setting out considerable testimony given by these witnesses on their examination in chief, and since the rulings complained of were not erroneous under well-settled rules, this seems unnecessary.

(4) It is next asserted that the trial court permitted the state's witnesses to give their opinions concerning certain footprints leading to and from the scene of the crime and about the place where appellants' automobile had been parked. As we read the record, the testimony referred to is not subject to the criticism made. When a witness said that a certain pair of shoes exactly fitted a certain track, and that the impression made by a certain pair of shoes was exactly similar to a certain track beside which the impression was made, he stated a fact as he observed it, and not an opinion. If there was any expression of any witness

which, by inference, went beyond this and constituted an opinion, such evidence was harmless, because at the time, on motion of appellants' counsel, the trial court correctly instructed the jury to disregard any opinion which witnesses may have expressed.

(5) Nor did the court err in permitting certain cross-examination of appellant Potter and the introduction of the record of a former conviction. True, if Potter had admitted his prior conviction and stopped there, further proof thereof might have been inadmissible, but having testified that he entered a plea of guilty in the former proceeding for the purpose of clearing another, the record which showed otherwise was properly received as rebuttal.

(6) It was not error to refuse to direct a verdict of not guilty. The evidence, though circumstantial, was ample to carry the case to the jury.

(7 and 8) We find no error in the giving and refusal to give instructions. No special comment is required on any of the points raised under any of these heads, except as to the instruction based upon § 2582, Rem. Comp. Stat. [P. C. § 8775], with reference to the possession of tools adapted, designed and commonly used for the commission of burglary. This section is twofold in its purpose: first, the making, mending or having in possession of such tools, knowing that they are intended to be so used, is made a gross misdemeanor; and second, the possession of such tools, except at an established place of business open to public view, is made *prima facie* evidence that such possession is with the intent to use, or permit them to be used, in the commission of a crime. Appellants were not charged with the gross misdemeanor mentioned, and the possession of such tools by them was material in this case only under the second portion of the statute, as evi-

dence of an intent to use them for the commission of the crime with which they were charged, therefore the court properly instructed the jury as to the effect of such possession as applied to the case on trial, and correctly refused to charge as to what would constitute a gross misdemeanor.

(9) Error is assigned upon the refusal of the court to grant a new trial, and a number of points are raised under this assignment. The most serious of the points raised is that, while the jury was deliberating, the bailiff in charge supplied them with a magnifying glass which was not an exhibit in the case, without the knowledge or the instructions of the court. The supposed purpose for which the jury used the glass is set forth by affidavit as follows:

"That somewhere near 11:00 o'clock on the 12th day of May, as aforesaid, some one of the jurors discovered what he thought to be fresh saw marks on the end of the sledge handle of the sledge that had been found in the bank that was broken into; that there was introduced in evidence several hack saws, one or more of which were found in the automobile of the defendants, when they were apprehended, one or more of which were found in the jail at Prosser, where the defendants were confined, and one of which was introduced by affiant as a part of his repair kit in his own automobile; that one of said jurors discovered what he thought was fine particles of wood dust on one of the hack saws, presumably those which were contained in the automobile of the defendants and thereupon some or all of the jurors agreed that those were fine particles of dust and said jurors then proceeded to make comparisons with said dust and the wood contained in the sledge handle and for the purpose of further experiment and comparison, the said jurors ordered some sort of magnifying glass which was brought in and delivered to them in the absence of the defendants, and in the absence of counsel for defendants, and based upon the opinion of said jurors they

agreed that there was particles of dust in connection with one of those hack saws and further, came to the scientific conclusion that said dust was of the same wood as the sledge handle; that after discussing said proposition, and based upon said investigation, scientific and otherwise, the said jurors returned a verdict of guilty as to each of the defendants, on the afternoon of said date.''

An affidavit by the jurors to the effect that they were in nowise influenced by the use of the glass is also shown. Clearly, the affidavit of the jurors cannot be considered, under familiar rules. They cannot impeach their own verdict by saying what influenced them in arriving at it, and for the same reasons cannot sustain their verdict by saying they were not influenced by improper matters which came before them. In 16 R. C. L., at page 299, it is said, speaking of experiments made by a jury after retiring to consider its verdict:

''If the effect of such an experiment is to put the jury in possession of evidence which should have been but was not offered on the trial, it is not permissible, but if the experiment involves merely a more critical examination of an exhibit than had been made of it in the court, there is no ground of objection. Where, in a criminal case, experiments by the jurors are made during their deliberations to ascertain facts material to the case, but not included in the evidence, this, in general, constitutes such misconduct as will vitiate their verdict.''

And again, at page 304 of the same volume, it is said:

''The courts have uniformly condemned as improper the reception of any evidence by the jury in a criminal case outside of that produced at the trial, and whenever there is sufficient ground to suspect that the defendant has been prejudiced by the reception of such evidence, the verdict will be vitiated. It is always improper for a juror to discuss a cause which he is

trying as a juror, or to receive any information about it except in open court and in the manner provided by the law.''

This seems to be the generally accepted rule and none of the cases cited by the state hold to a contrary doctrine. By reason of this misconduct on the part of the jury, a new trial should have been granted.

Other matters urged under this assignment of error are not likely to occur again upon a retrial of the cause, and need not now be considered.

For the reason indicated, the judgment is reversed and the cause remanded with instructions to grant a new trial.

MAIN, C. J., FULLERTON, MACKINTOSH, and PEMBERTON, JJ., concur.