## UNITED STATES v. CALWER.

(District Court, D. Montana. October 18, 1923.)

No. 1060.

Post office ⬥35—Scheme within ban of statute against use of mails to defraud, though it would not deceive persons of average intelligence.

A scheme and artifice to defraud by obtaining money by mailing circulars in substance representing that evil spells or curses can be cast on persons, and that evil spirits worry them in sleep, that charms or talismans will defeat the evils aforesaid, and that accused possesses supernatural power to magnetize said articles, which he sells, though absurd and impossible, and not capable of deceiving persons of average intelligence, is within the ban of Comp. St. § 10385.

H. Calwer was indicted for using the mails to execute a scheme and artifice to defraud, and demurs to the indictment. Demurrer overruled.

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

F. E. McCracken, of Butte, Mont., for defendant.

BOURQUIN, District Judge. The indictment charges that defendant used the mails to execute a scheme and artifice to defraud various persons by obtaining money from them by false and fraudulent pretenses, viz. by mailing to them circulars in substance representing that evil spells or curses can be cast upon persons, and that evil spirits worry them in sleep, that charms or talismans will defeat the evils aforesaid, and that he possessed supernatural power to magnetize said articles, and sells them for $25 each. He demurs, contending that the scheme or artifice is absurd and impossible, cannot deceive average intelligence, and so is not within the ban of the statute. To this he cites U. S. v. Fay (D. C.) 83 Fed. 839, which fully supports him.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

However, the statute (Comp. Stat. § 10385) does not stipulate that the scheme or artifice or false pretenses must be calculated to deceive persons of average intelligence. Its ostensible object is to avoid abuse of the mails, and schemes or artifices or false pretenses to defraud the ignorant, credulous, superstitious, or defective can be used in this abuse, and probably with more success, if that be material, than can those which appeal to higher intelligence. Apparently the learned court in the cited case overlooked this ostensible object of the statute, and too plainly perceived the ultimate purpose by resort to federal power over the mails to invade the states' reserved police power to deal with frauds.

Moreover, the statute contains no definition of the general terms involved in the instant case, so, as usual, the general law is looked to for interpretation. Therein the weight of authority is that astrologers, conjurers, fakirs, magicians, mediums, and all variety of pretenders to supernatural power, and who assume to sell the same for money, are amenable to the criminal law of false pretenses. See People v. Gilman, 121 Mich. 187, 80 N. W. 4, 46 L. R. A. 218, 80 Am. St. Rep. 490; Jules v. State, 85 Md. 305, 36 Atl. 1027; Bowen v. State, 9 Baxt. (Tenn.) 45, 40 Am. Rep. 71; Reg. v. Giles, 10 Cox, C. C. 44; Reg. v. Lawrence, 36 T. L. N. S. 404.

Demurrer overruled.