[No. 18439. Department One. March 28, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE EDWARD WHITFIELD, *Appellant*.[1]

CRIMINAL LAW (36)—VENUE—CHANGE—DISCRETION—LOCAL PREJUDICE—REVIEW. It is not an abuse of discretion to deny an application for a change of venue in a homicide case, asked on the ground of local prejudice, where the motion, supported by the affidavits of defendant's attorneys and copies of local newspapers, was answered by affidavits of twenty-one citizens who swore that in their judgment a fair trial could be had, and the newspaper articles were not of an inflammatory or sensational character, in view of the atrocity of the offense.

CRIMINAL LAW (404)—APPEAL—RECORD—MATTERS RELATING TO PETIT JURY. Error cannot be assigned on refusing a change of venue because of local prejudice, when the *voir dire* examination is not made a part of the record.

HOMICIDE (28)—INFORMATION—DUPLICITY—COMMISSION OR ATTEMPT TO COMMIT OTHER OFFENSE. An information is not duplicitous in a charge of first degree murder by one when committing, attempting to commit, or in withdrawing from the scene of, a rape, in view of Rem. Comp. Stat., § 2392, subdiv. 3, substituting for premeditation, deliberation and malice in first degree murder, the killing of another without design to effect death, by a person committing, or attempting to commit, or in withdrawing from the scene of, a rape.

CRIMINAL LAW (450)—APPEAL—HARMLESS ERROR—EXAMINATION OF WITNESS. Error in excluding a question as to whether a witness was not the mother of an illegitimate child is cured by immediately allowing the witness to answer as to whether she had accused defendant with being the father of her child.

[1]Reported in 224 Pac. 559.

WITNESSES (11)—COMPETENCY—AGE AND MATURITY—DISCRETION. Under Rem. Comp. Stat., § 1213, excluding the evidence of a child under ten years of age who appears incapable of receiving just impressions of the facts, it is proper to receive the evidence of a child nine years of age where it appears that he was capable of receiving just impressions.

CRIMINAL LAW (223)—TRIAL—EXCLUSION OF WITNESSES—DISCRETION. It is discretionary, in excluding witnesses from the court room in a criminal case, to allow the prosecuting witness to remain.

HOMICIDE (118, 121)—TRIAL—INSTRUCTIONS—GRADE OR DEGREE— MANSLAUGHTER. Where there is no evidence to justify a verdict of murder in the second degree or manslaughter, it is not error, in a prosecution for murder in the first degree, to refuse to submit the lesser degrees to the jury.

CRIMINAL LAW (448)—APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE. Error in the admission of an exhibit in a homicide case is harmless where all the testimony demonstrates beyond doubt that no prejudice resulted (TOLMAN, J., dissenting).

SAME (448). Error cannot be assigned upon the admission of immaterial evidence that certainty was not prejudicial.

CRIMINAL LAW (449)—APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE. Error in the exclusion of evidence as to the hostility of witnesses toward the defendant is cured, where the witnesses themselves testified to such hostility.

WITNESSES (78)—CROSS-EXAMINATION—SCOPE. Error cannot be assigned on the exclusion of cross-examination upon a matter not gone into on the examination in chief.

CRIMINAL LAW (449)—APPEAL—HARMLESS ERROR—EXCLUSION OF EVIDENCE. Error cannot be assigned on sustaining an objection to evidence where subsequent questions along the same lines were answered.

SAME (449). Where a knife had been merely identified, and was not offered in evidence, it was not proper to require the accused to open the knife.

WITNESSES (78)—CROSS-EXAMINATION—LIMITATION. Error cannot be assigned on sustaining an objection to a question to an expert witness as to whether he was interested in any way other than as a witness, where there was no offer made as to what his answer would be, and no interest of the witness was shown.

CRIMINAL LAW (451)—APPEAL—REVIEW—HARMLESS ERROR—MISCONDUCT OF COUNSEL. Error cannot be assigned upon the prosecuting attorney's objection to a question to an expert, as reflecting on the witness' ability, where it was made in good faith and in legal form.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered May 26, 1923, upon a trial and conviction of murder. Affirmed.

*W. E. Yates* and *Charles S. Lane* (*James P. Stapleton,* on the brief), for appellant.

*Jos. E. Hall* and *Dale McMullen,* for respondent.

MACKINTOSH, J.—The appellant was charged with murder in the first degree, under this information:

"That he, the said George Edward Whitfield, did on or about the eighth day of March, 1923, in the county of Clarke and state of Washington, then and there being, and while then and there unlawfully engaged in an attempt to commit and in committing, and in withdrawing from the scene of, a rape of Anna Nosko, did then and there, without excuse or justification, unlawfully and feloniously kill and murder said Anna Nosko, in this to-wit: That he, the said George Edward Whitfield, on or about the eighth day of March, 1923, in the county of Clarke and state of Washington, then and there being, and while then and there unlawfully engaged in an attempt to rape, and while unlawfully engaged in raping, and while engaged in withdrawing from the scene of such unlawful rape of Anna Nosko, a girl of the age of eleven years, not the wife of said George Edward Whitfield, did then and there, without excuse or justification, unlawfully and feloniously kill and murder said Anna Nosko by then and there beating, cutting and mortally wounding said Anna Nosko about her head and neck with some instru-- ment or instruments and in some way or manner to the prosecuting attorney unknown, as a result of which said mortal wounds said Anna Nosko then and there died  . . ."

Upon the trial the jury returned a verdict of murder in the first degree, and from judgment based thereon, this appeal is taken.

These errors have been assigned and argued:

(1) That on account of the inflamed state of the

public mind in Clarke county, where the crime was committed and the trial was had, a change of venue should have been granted. In support of motions for a change of venue, the appellant's attorneys submitted an affidavit of their own, together with copies of newspapers printed and published in Vancouver, the county seat. In answer to this showing, the state produced affidavits of twenty-one citizens, who swore that, in their judgment, a fair trial could be had. An examination of the newspaper articles does not show that they were of an inflammatory or sensational character, and in view of the atrocity of the crime with which they dealt, they were unexpectedly restrained and temperate. Under the record, the trial court did not abuse its discretion in denying the motion. *Edwards v. State,* 2 Wash. 291, 26 Pac. 258; *State v. Straub,* 16 Wash. 111, 47 Pac. 227; *State v. Champoux,* 33 Wash. 339, 74 Pac. 557; *State v. Hillman,* 42 Wash. 615, 85 Pac. 63; *State v. Welty,* 65 Wash. 244, 118 Pac. 9; *State v. Wright,* 97 Wash. 304, 166 Pac. 645; *State v. Smith,* 115 Wash. 405, 197 Pac. 770; *State v. Mahoney,* 120 Wash. 633, 208 Pac. 37; *State v. Burke,* 124 Wash. 632, 215 Pac. 31; *State v. Lindberg,* 125 Wash. 51, 215 Pac. 41. Moreover, the *voir dire* examination of the jurors is not in the record and the language of *State v. Welty, supra,* is therefore applicable:

"That the effort (referring to the attempt of newspapers to mould public opinion) failed of accomplishment in this case is to be assumed from the fact that defendant has failed to bring before us the examination of the jurors on their *voir dire.* Not having done so, we can safely assume nothing unusual was disclosed in such examination, and that there was no great difficulty in obtaining a jury because of the publication of these articles."

(2) Objection is made to the information, by demurrer, that it did not state facts sufficient to consti-

tute a crime and that it was duplicitous; and by motions the state was required to show the circumstances surrounding the rape, and to show whether the murder was committed in attempting to rape, in the rape, or in withdrawing from the scene of the rape. Section 2392, Rem. Comp. Stat. [P. C. § 8997], which defines murder in the first degree, provides, in subdivision 3 thereof, that the killing of a human being is murder in the first degree when committed "without design to effect death, by a person engaged in the commission of, or in an attempt to commit, or in withdrawing from the scene of a . . . rape . . . etc." It is the appellant's position that this information charging him with having committed murder while committing a rape, attempting to commit a rape, or in withdrawing from the scene of a rape, is duplicitous, and that the appellant was not apprised, therefore, of the exact charge against him, so that he might properly defend himself against it; that the allegations are repugnant and that the information is defective. Subdivision 3 of § 2392 substitutes for the premeditation, deliberation or malice which otherwise would be necessary to constitute murder in the first degree the incidents surrounding certain felonies, one of which is rape. It is unnecessary to prove that the person who kills another in the commission of rape, or the attempt to commit it, or in withdrawing from the scene of its commission, had any malice, design or premeditation. The proof of the killing, together with the fact that it was committed in connection with a rape, is sufficient to constitute murder in the first degree. From the very nature of things—and the evidence in this case illustrates the situation as well as any case could—it is often impossible for the state to know at just what instant a killing was committed, whether it was done in the commission of a felony, or in attempt-

ing to commit a felony, or while withdrawing from the scene of a felony. The facts here show that there were blows on the head of the child which may have been inflicted before the rape took place, or after the rape had been committed, or may have been inflicted while the accused was withdrawing from the scene. The child's throat was also cut, and the same uncertainty exists as to when that mortal wound was inflicted. It is impossible to tell whether the wounds to the head or throat occasioned the death. Under such circumstances, to compel the state to make a choice as to the exact instant that an unwitnessed killing took place is, by a technicality, to embarrass justice. The real charge against the appellant was the killing; the rape was an incident qualifying the homicide as murder in the first degree. *State v. Fillpot,* 51 Wash. 223, 98 Pac. 659. He was charged with one crime and only one, and if the killing took place while the appellant was concerned in a rape, it is immaterial if it was during the attempt, consummation or flight.

(3) In cross-examination of one of the state's witnesses appellant's counsel asked her if she was not the mother of a child although she had never been married. Objection by the state was sustained to this question and this is assigned as error. An examination of the record shows that, even if it was proper to show this condition as affecting the witness's credibility, it was without prejudice, for the reason that immediately thereafter the witness was asked whether she had not accused the appellant of being the father of the child, and she was allowed to answer.

(4) A brother of the deceased, aged nine years, was called as a witness for the state. The appellant objected to his testifying by reason of § 1213, Rem. Comp. Stat. [P. C. § 7724], subdivision 2, which provides that: ''The following persons shall not be com-

petent to testify; children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly." After the objection was made, the court questioned the witness and determined to its satisfaction that he was not incapable of receiving a just impression of the facts or of relating them truly. An examination of this witness's testimony shows that the court properly exercised his discretion in the matter, and we come to this conclusion without the benefit which the trial court had of the physical presence of the witness, which was an aid to the court in making its determination. *State v. Bailey,* 31 Wash. 89, 71 Pac. 715; *State v. Myrberg,* 56 Wash. 384, 105 Pac. 622; *Kalberg v. Bon Marche,* 64 Wash. 452, 117 Pac. 227; *State v. Smith,* 95 Wash. 271, 163 Pac. 759; and *Wilkerson v. McGinn,* 110 Wash. 454, 188 Pac. 472.

(5) All of the witnesses for the state and the appellant were excluded from the court room during the trial, but an exception was made of the sheriff of Clarke county, who was allowed to remain. The sheriff was the real prosecuting witness in the proceeding. It is a matter within the discretion of the trial court to exclude certain witnesses and to exempt others from that order. *State v. Dalton,* 43 Wash. 278, 86 Pac. 590. It has long been the practice in this state to allow the prosecuting witness to remain in attendance while all other witnesses in a criminal case have been excluded. No prejudice is shown to have resulted from this order. *Griffith v. Ridpath,* 38 Wash. 540, 80 Pac. 820, and *State v. Mann,* 39 Wash. 144, 81 Pac. 561.

(6) Objection is made that the court did not submit to the jury instructions covering the crimes of murder in the second degree and manslaughter, and did not permit the jury to return a verdict other than first degree murder or not guilty. There is no evidence in

the case upon which the court would have been justified in submitting the lesser crimes of murder in the second degree and manslaughter to the jury. The killing took place in connection with a rape, and it was therefore murder in the first degree or nothing, and there is no evidence introduced by the appellant to show that there were any elements of murder in the first degree lacking, or that there were elements necessary to constitute murder in the second degree or manslaughter. As a matter of fact, no instruction was asked by the appellant upon the lesser degree. *State v. Robinson,* 12 Wash. 349, 41 Pac. 51, 902; *State v. Kruger,* 60 Wash. 542, 111 Pac. 769; *State v. Pepoon,* 62 Wash. 635, 114 Pac. 449; *State v. Ash,* 68 Wash. 194, 122 Pac. 995, 39 L. R. A. (N. S.) 611; *State v. Palmer,* 104 Wash. 396, 176 Pac. 547; *State v. Shaffer,* 120 Wash. 345, 207 Pac. 229; and *State v. Cook,* 126 Wash. 81, 217 Pac. 42.

(7) This assignment of error relates to the admission of an exhibit in evidence. While there is a serious question whether this exhibit was properly admissible, a careful reading of all the testimony in the case demonstrates beyond doubt that no prejudice resulted by reason of its admission.

(8) A witness testified, over the appellant's objection, to certain actions of the appellant that took place in the county jail. The exact nature of the objection we are at something of a loss to gather, but it seems to be argued that the state was attempting to show that the appellant was preparing to commit suicide, and that this was introduced for the purpose of showing that it amounted to a confession of guilt. A reading of the evidence, however, does not warrant such an interpretation being placed on it. The matter was originally brought out on cross-examination by the appellant, and the state, on re-direct examination, in-

troduced the evidence as showing what had been referred to by the appellant as a quarrel between himself and the witness. The whole matter was probably immaterial and certainly not prejudicial.

(9) Inquiry was made by the appellant of a brother of the deceased as to whether his father and mother were friendly to the appellant's family. Objection was sustained to this question. The matter had not been gone into on direct examination, and the record further shows that, if there was error in refusing to allow the question to be answered, it was cured, for the parents themselves testified as to their hostile feelings towards the appellant.

(10) The appellant attempted to cross-examine a state's witness concerning an incident occurring at the time the little girl's body was found. .He was asked if he had noticed at that time that one of the posse "would not look at the body but turned away and went home." The whole matter was improper cross-examination, not having been gone into on the examination in chief.

(11) Another witness being cross-examined by the appellant regarding the finding of a certain leather strap, objection was made and sustained. This was also a matter which was not gone into on direct examination and, as we read the record, was immaterial.

(12) One of the state's witnesses testified that he had sold a knife to the appellant and that the disclosure of the sale had been made by him only a few days before the case came on for trial. On cross-examination he was asked why he had not made mention of this fact before. Though an objection was sustained to this question, subsequent questions along the same lines were answered without objection.

(13) A witness on behalf of the state was requested, on cross-examination by the appellant, to

open the blades of the knife with which it was claimed the deceased's throat had been cut. Objection was made to having this request complied with and the objection was sustained. This is alleged to have been erroneous. At that time the knife had not been admitted in evidence, and merely having been marked for identification, it would not have been proper to comply with the request.

(14) On cross-examination of the sheriff he was asked to detail conversations which he had with appellant's brother, who, shortly after the commission of the crime, had been arrested with the appellant. Nothing having been brought out on the direct examination of the witness in regard to this matter, cross-examination concerning it was improper.

(15) A doctor called by the appellant as an expert in regard to blood stains was asked the question, "Are you interested in this in any other way than as a witness." Objection by the state was sustained. We do not see that this was prejudicial, nor was any offer made to prove what the answer would have been had the witness been allowed to testify. Furthermore, on no examination of the witness was any interest on his part attempted to be shown.

(16) During the direct examination of this same witness the appellant asked him whether in the use of blood tests the result would depend upon whether the elements of the blood and blood stains had been diluted. The state objected to this on the ground that the witness had not qualified himself to testify as to the tests for determining the presence of human blood. The objection was overruled and error is assigned because the remark of the state's attorney in making his objection is claimed to have been a prejudicial reflection upon the expert's ability. The objection was apparently made in good faith and in legal form and

we see no prejudice in the court's refusal to sustain it. *State v. Ely*, 114 Wash. 185, 194 Pac. 988, and *State v. Humphreys*, 118 Wash. 472, 203 Pac. 965.

The appellant was tried upon a proper information in the proper county, with proper rulings upon the admission and rejection of testimony and under proper instructions, and the judgment based upon the verdict finding him guilty is affirmed.

MAIN, C. J., HOLCOMB, and MITCHELL, JJ., concur.

TOLMAN, J. (dissenting)—In my opinion, the exhibit referred to in paragraph numbered 7 of the majority opinion was not admissible, and I am equally certain that it was highly prejudicial. Reluctantly, therefore, I dissent, though concurring upon all other points.