FILED

NOT FOR PUBLICATION

NOV 17 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT ALAN BROWN,

Petitioner-Appellant,

v.

JAMES KEY, Superintendent of Airway
Heights Correctional Center,

Respondent-Appellee.

No.    16-35741

D.C. No. 2:15-CV-00224-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Argued and Submitted October 3, 2017
Portland, Oregon

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Petitioner Robert Alan Brown appeals the district court's judgment

dismissing his petition for writ of habeas corpus.  We have jurisdiction under 28

U.S.C. §§ 1291 and 2253.  We review a district court's denial of a petition for writ

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of habeas corpus de novo, *see Smith v. Ryan*, 823 F.3d 1270, 1278-79 (9th Cir. 2016), and we affirm.

1. <u>Background</u>. Brown participated in a kidnapping that culminated in the murder of the victim by Brown's associates. The information charged Brown with several crimes, two of which are relevant in this appeal: first degree kidnapping and felony murder.

The information expressly limited the first degree kidnapping charge by specifying that Brown kidnapped the victim "with the intent to inflict bodily harm," thus omitting any other type of intent that could have supported a first degree kidnapping conviction. The felony murder charge alleged that Brown murdered the victim in the course of "first degree kidnapping." The jury instructions, however, stated that a kidnapping conviction could rest on a finding of either intent to inflict bodily injury or intent to inflict extreme mental distress. By contrast, neither the information nor the jury instructions specified any type of intent for the felony murder charge. A jury convicted Brown of first degree kidnapping and felony murder.

On direct appeal, the Washington Court of Appeals reversed the kidnapping conviction. The court determined that the kidnapping charge had deprived Brown of his right to notice of the crime for which he could be convicted, because the jury

instructions included two different means of satisfying intent, while the charging document contained only one of those means. The Court of Appeals rejected Brown's claim that the felony murder conviction was necessarily invalid as a consequence. The Washington Supreme Court affirmed.

Brown's federal habeas petition raised the claim that his felony murder conviction must be vacated because the underlying kidnapping conviction was reversed. The district court denied Brown's habeas petition, but issued a certificate of appealability as to Brown's challenge to his felony murder conviction.

2. <u>Validity of felony murder conviction</u>. The district court did not err in concluding that the state court's decision affirming Brown's felony murder conviction does not conflict with clearly established Supreme Court law. Brown contends that the lack of constitutionally adequate notice as to the sole predicate felony conviction must also invalidate his felony murder conviction. To reach this result, Brown analogizes from several Supreme Court decisions dealing with disparate areas of Fifth Amendment, Sixth Amendment, and habeas jurisprudence. None of these cases clearly announces Brown's proposed rule.

Federal courts may not grant habeas relief unless the state court's adjudication of a claim rested on an unreasonable determination of the facts in light of the evidence presented, or "resulted in a decision that was contrary to, or

16-35741

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Analogies from Supreme Court decisions that do not address the specific area of law at issue are not sufficient. *See Carey v. Musladin*, 549 U.S. 70, 77 (2006). "Circuit precedent cannot 'refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced.'" *Lopez v. Smith*, 135 S. Ct. 1, 4 (2015) (per curiam) (quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (per curiam)).

No legal rule clearly established by any Supreme Court determination invalidates a felony murder conviction for the reason that the predicate felony conviction has been overturned for lack of charging notice. Furthermore, Washington courts have long held that the underlying elements of the predicate felony are not essential elements of felony murder and do not have to be included in the information. *See State v. Craig*, 514 P.2d 151, 154-55 (Wash. 1973); *State v. Whitfield*, 224 P. 559, 561 (Wash. 1924). In accordance with Washington law, both the charging document and the jury instructions that led to Brown's felony murder conviction referred to the underlying kidnapping without including a particular intent. This manner of giving notice for felony murder violates no rule of law clearly established by the Supreme Court.

16-35741

**AFFIRMED.**