Harold Thomas **HERMANSEN** alias
Ford Hermansen, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15569.

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1956.

Seymour Lieberman, William H. Scott, Houston, Tex., for appellant.

Malcolm R. Wilkey, U. S. Atty., Gordon J. Kroll, Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

On motion for rehearing the appellant urges strongly that since, as he argues, the purchasers of automobiles from him under Texas law obtained good title thereto, prevailing over the claims of the Radcliff Finance Corporation, there was no fraud in his use of the mails to obtain duplicate Texas certificates of title for them. This argument presupposes that 18 U.S.C.A. § 1341 requires the consummation of a fraudulent scheme, while quite the opposite is true. The statute provides:

"Whoever, having devised or intended to devise any scheme or artifice to defraud * * * for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department * * * shall be fined not more than $1,000 or imprisoned not more than five years, or both."

The statute does not require that anyone actually be defrauded or even that a likelihood exist that some-

one be defrauded. United States v. Calwer, D.C.Mont., 292 F. 1007. The evidence here plainly warranted a finding that there was a scheme to defraud and that mailings were made pursuant thereto. This was sufficient to constitute the offense defined in the statute.

The motion is overruled.