**UNITED STATES of America,**
**Appellant,**

v.

**Robert L. STRAUSS, Appellee.**

No. 18235.

United States Court of Appeals
Fifth Circuit.

Oct. 14, 1960.

Rehearing Denied Nov. 15, 1960.

---

Rufus D. McLean, Washington, D. C., Donn E. Garvey, Sp. Attys., Dept. of Justice, Malcolm Richard Wilkey, Asst. Atty. Gen., for appellant.

Thomas B. DeWolf, Miami, Fla., Helliwell, Melrose & DeWolf, Miami, Fla., for appellee Robert L. Strauss.

Before TUTTLE, CAMERON and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This appeal by the United States is from a judgment in the lower court granting a motion to dismiss that portion of an indictment purporting to charge the appellee Robert L. Strauss with a conspiracy to violate §§ 152 and

1341 of Title 18 U.S.C.[1] The sole question presented for our determination is whether the lower court erred in holding that such indictment, as against appellee Strauss, was insufficient and in entering an order dismissing it.

The indictment here is in eight counts, only count eight relating to appellee. Counts one through five charge one Raymond L. Goodman with mail fraud in violation of 18 U.S.C. § 1341; counts six and seven charge the same Goodman, as an agent of the Harold Corporation, with knowingly and fraudulently transferring and concealing assets in contemplation of bankruptcy in violation of 18 U.S.C. § 152. Count eight, which, as stated, is the only count applying directly to the appellee, alleges a conspiracy between the appellee and said Goodman, along with certain other unnamed conspirators, to commit violations of the same two federal statutes,[2] such conspiracy being itself a violation of 18 U.S.C. § 371.[3]

Motions to dismiss, for severance, and for a bill of particulars, all as to count eight, were filed on behalf of appellee Strauss, and said count was dismissed as to him.[4]

After re-alleging certain allegations set forth in the first count of the indictment against Goodman only, count eight charges in its first numbered paragraph:

"That from on or about January 1, 1956, continuously to about April 18, 1958, within the Southern District of Florida, Raymond L. Goodman, President of the said Harold Corporation, and Robert L. Strauss, in contemplation of a bankruptcy proceeding by or against the said Harold Corporation, and with intent to defeat the bankruptcy laws of the United States, did wilfully, knowingly, unlawfully and feloniously conspire, combine, confederate, and agree together each with the other and with other persons not herein named as defendants to knowingly and fraudulently transfer and cause to be transferred and conceal and cause to be concealed assets of the said Harold Corporation, and to devise and intend to devise a scheme and artifice to defraud creditors of the said Harold Corporation, such objects of said conspiracy being violations of Title 18, United States Code, Section 152 and Title 18, United States Code, Section 1341."

It is further alleged in said count eight that it was part of the conspiracy that the following acts should be performed: that the Harold Corporation would be formed and incorporated and the said Raymond L. Goodman would become president thereof; that capital stock would be issued to one Geraldine Bolton and Minnie Goodman, wife of Raymond L. Goodman, and placed on the books of the corporation at values in excess of the actual money paid into the corporation; that an account styled "Jeri Bolton" would be set up on the books of the corporation and money fraudulently credited to this account, and that defendants Goodman and Strauss would convert the same to their personal use through checks drawn against the corporation and credited to the account "Jeri Bolton;" that a ninety-nine year lease would be

1. Title 18 U.S.C. § 152 deals with the concealment of assets of a corporation in contemplation of bankruptcy and devising or taking other actions to defraud creditors of a bankrupt, and Title 18 U.S.C. § 1341 is the Mail Fraud Statute.

2. §§ 152 and 1341 of Title 18 U.S.C.

3. Title 18 U.S.C. § 371: "Conspiracy to commit offense or to defraud United States.

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined * * * or imprisoned * * * or both."

4. The entire indictment with respect to Raymond L. Goodman was dismissed by order of the court below some six weeks after the dismissal of count eight as to appellee Strauss. That order is before this Court upon separate appeal.

158

obtained on the Hotel Cadillac in Miami; that false statements would be made to secure loans on behalf of the said corporation and these loans converted to the personal use of the said defendants; that debenture bonds would be issued to Geraldine Bolton and Luella H. Strauss, wife of appellee, without consideration and thereafter sold with the proceeds being converted to the personal use of the defendants; and that it was intended that, when the inevitable bankruptcy approached, the assets of the corporation would be transferred beyond the reach of the creditors.

The indictment also charges in count eight that, in order to effect the objects of said conspiracy, eleven overt acts were performed by the conspirators including the following: the defendants drew a large number of checks in amounts aggregating some $191,000; of this amount $80,225.69 represented checks issued to "J. Bolton" which had been drawn by Goodman; the appellee himself was alleged to have received, endorsed and negotiated a check for $45,000.00 drawn in the name of the Harold Corporation. This overt act by the appellee was alleged to have been a violation of 18 U.S.C. § 371.[5] In its brief the United States bases its argument for reversal upon the assertion that, where a conspiracy has several objects, the insufficient pleading of one does not nullify the charge as to the other; and that it is unnecessary that an overt act of the appellee be alleged in the indictment "since one overt act in furtherance of the conspiracy and to accomplish one of its objects, committed by one of the conspirators, binds all co-conspirators." The appellee urges upon the Court, on the other hand, the correctness of the lower court's holding that count eight of the indict-

ment was legally insufficient, contending that said count fails to allege that the conspiracy contemplated any use of the United States mails in the execution of the alleged scheme and artifice to defraud; and that it fails to state sufficient facts to show a conspiracy between himself and Raymond L. Goodman to perform the other acts enumerated above.

It is apparent from the record and briefs that the dismissal of count eight as to appellee was based upon the failure of the count to set forth facts sufficient to show a conspiracy to violate either the Mail Fraud Statute or the Bankruptcy Act. We think it is clear that the court below was correct in holding that count eight failed to charge a conspiracy participated in by defendant Strauss to violate the Mail Fraud Statute.[6] But we are unable to agree with its action in dismissing the entire count as to the appellee, it being our opinion that count eight is legally sufficient in its charge of a conspiracy to violate the Bankruptcy Laws, 18 U.S.C.A. § 152, by concealing assets of the corporation in contemplation of bankruptcy, by knowingly and fraudulently transferring property of the corporation with intent to defeat the bankruptcy laws, or by devising a scheme and artifice to defraud creditors of the corporation.

In passing upon the legal sufficiency of an indictment it is necessary only to determine whether it satisfies the requirements of the Sixth Amendment to the Constitution of the United States that the accused in a criminal prosecution shall be informed of the nature and cause of the accusation against him and is adequate to enable him to plead the judgment entered as res judicata of any fur-

5. Note 3 supra.

6. The mere charge that the acts done in connection with the conspiracy were in violation of the said statute, 18 U.S.C.A. § 1341, is not sufficient where, as here, the facts alleged fail to support such a charge which amounts to nothing more than the statement of a legal conclusion.

It was proper, therefore, for the court below to eliminate this charge from the indictment. Rule 7 F.R.Cr.P., 18 U.S.C.A.; Sutton v. United States, 5 Cir., 1946, 157 F.2d 661; Alabama Packing Co. v. United States, 5 Cir., 1948, 167 F.2d 179; United States v. Lembo, 3 Cir., 1950, 184 F.2d 411.

ther prosecution for the same offense.[7] The Supreme Court, in the case of Bartell v. United States, 1913, 227 U.S. 427, 431, 33 S.Ct. 383, 384, 57 L.Ed. 583, announced the rule in these words:

"It is elementary that an indictment, in order to be good under the Federal Constitution and laws, shall advise the accused of the nature and cause of the accusation against him, in order that he may meet the accusation and prepare for his trial, and that after judgment, he may be able to plead the record and judgment in bar of further prosecution for the same offense." [8]

We feel that count eight satisfies this rule to the extent that it charges offenses against the Bankruptcy Act. Said count charges the appellee with an "intent to defeat the bankruptcy laws of the United States" and that, in furtherance of this intention, he "did wilfully, knowingly, unlawfully and feloniously conspire, combine and confederate and agree" with Raymond L. Goodman and other defendants not named therein to "knowingly and fraudulently transfer and cause to be transferred and conceal and cause to be concealed assets of the said Harold Corporation, and to devise and intend to devise a scheme and artifice to defraud creditors of the said Harold Corporation, such objects of said conspiracy being violative of Title 18 U.S.Code, § 152 * * "

In addition, it is alleged that the appellee endorsed and negotiated a certain check in the sum of $45,000.00 in the name of the Harold Corporation in furtherance of the illegal objects above discussed. It is clear, therefore, that this charge is legally sufficient.

■ It is further clear that the failure of the indictment against appellee Strauss to charge adequately a violation of the Mail Fraud Statute is effective merely to eliminate that charge from the case; and so long as the remaining portions of the indictment adequately charge a crime, the presence of the surplusage will not justify dismissal of the entire indictment as it relates to appellee.

A leading Supreme Court case standing for this proposition is Ford v. United States, 1927, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793.[9] The Supreme Court there held the indictment valid, saying that the portion of the indictment which it found faulty should be ignored as mere surplusage and that the defendant must answer only to those charges well pleaded.

The court below did not, of course, reach the motion for bill of particulars, and we express no opinion as to whether or not the motion should be granted. The judgment of the court below is affirmed in part and reversed in part and the case

---

7. The following cases from this Circuit are applicable: Schnautz v. United States, 5 Cir., 1959, 263 F.2d 525, certiorari denied 360 U.S. 910, 79 S.Ct. 1294, 3 L.Ed.2d 1260; Roberson v. United States, 5 Cir., 1956, 237 F.2d 536, certiorari denied 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715; Duke v. United States, 5 Cir., 1956, 233 F.2d 897; Hermansen v. United States, 5 Cir., 1956, 228 F.2d 495, certiorari denied 5 Cir., 230 F.2d 173, certiorari denied 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1455; Cagnina v. United States, 5 Cir., 1955, 223 F.2d 149; Kreuter v. United States, 5 Cir., 1955, 218 F.2d 532, certiorari denied, 349 U.S. 932, 75 S.Ct. 777, 99 L.Ed. 1262.

8. See also Rosen v. United States, 1896, 161 U.S. 29, 16 S.Ct. 434, 40 L.Ed. 606; United States v. Behrman, 1922, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619; Wong

Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Hagner v. United States, 1932, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861; United States v. Debrow, 1953, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92.

9. And see Salinger v. United States, 1926, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398; Goto v. Lane, 1924, 265 U.S. 393, 44 S.Ct. 525, 68 L.Ed. 1070. See the following cases from this Circuit standing for this proposition: Bailey v. United States, 5 Cir., 1925, 5 F.2d 437, certiorari dismissed, 269 U.S. 589, 46 S.Ct. 12, 70 L.Ed. 427; Tenenbaum v. Snook, 5 Cir., 1926, 15 F.2d 372; Sasser v. United States, 5 Cir., 1928, 29 F.2d 76; Christiansen v. United States, 5 Cir., 1931, 52 F.2d 950; Horwitz v. United States, 5 Cir., 1933, 63 F.2d 706; Friscia v. United States, 5 Cir., 1933, 63 F.2d 977.

remanded for further proceedings in consonance with this opinion.

Affirmed in part and in part reversed and remanded.